NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO GUZMAN-ALCOCER, AKA Ramiro Arturo Guzman-Alcocer, <br><br>                 Petitioner, <br><br>   v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>                 Respondent. | No.   16-71826 <br><br> Agency No. A093-161-478 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Arturo Guzman-Alcocer, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to suppress evidence and

terminate removal proceedings, and ordering him removed. We have jurisdiction

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Sanchez v. Sessions*, 870 F.3d 901, 907 (9th Cir. 2017). We deny the petition for review.

The agency did not err in denying Guzman-Alcocer's motion to suppress and terminate, where he failed to meet his burden of showing prima facie evidence that the government violated his confidentiality rights. *See id*. at 908 (for the exclusionary rule to apply in civil removal proceedings, a noncitizen must present prima facie evidence that his rights were violated). Accordingly, Guzman-Alcocer's due process claim also fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.")

**PETITION FOR REVIEW DENIED.**